UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KLAUSNER TECHNOLOGIES, INC., a New York corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ADTRAN, INC., a Delaware corporation, <br><br> Defendant. | CASE NO. 6:12-cv-00166-LED <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF KLAUSNER TECHNOLOGIES, INC.'S
UNOPPOSED MOTION TO SUBSTITUTE PARTIES PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 25(C)</u>**

Klausner Technologies, Inc. ("Klausner") hereby submits this Unopposed Motion for Substitution Pursuant to Fed. R. Civ. P. 25(c) and the attached Proposed Order.  On May 17, 2012, Klausner assigned all right, title and interest in, *inter alia*, the patent-in-suit, United States Patent No. 5,572,576 entitled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message" ("the '576 Patent"), including the right to enforce the '576 Patent and to recover for past infringement as to the defendant in this lawsuit, to IPVX Patent Holdings, Inc. ("IPVX").  IPVX is a completely separate entity and Klausner has no involvement or ownership interest in IPVX.  As a result, Klausner has no interest in the '576 Patent as asserted in the present litigation and IPVX should be substituted as the sole plaintiff in this case.

In support of its Motion, attached hereto as Exhibit A is the recorded assignment of the rights to the '576 Patent to IPVX (the "Assignment") and the Declaration of Mr. Judah Klausner confirming that Klausner has not retained any interest in the '576 Patent.

**I. Summary of Argument**

IPVX should be substituted as the plaintiff in this litigation under Federal Rule of Civil Procedure 25(c) ("Rule 25(c)"). Following the assignment to IPVX, Klausner no longer has any right, title or interest in the '576 Patent. Where, as here, ownership interest in the '576 Patent has transferred from the original plaintiff to another party, the court should grant substitution under Rule 25(c).

The requested substitution will not prejudice any party and will have no effect on discovery or the deadlines set forth by the Court. Moreover, substitution of IPVX for Klausner as the plaintiff in this action will ensure that there are no jurisdictional infirmities stemming from Klausner's transfer of its interest in the '576 Patent to IPVX, and will clarify that IPVX, as the real party in interest, is subject to all applicable rights and obligations under the discovery rules.

**II. Statement of Facts**

The '576 Patent is generally directed to telephone answering methods and devices that link displayed data with a recorded voice message. In the telecommunications industry, this capability is commonly referred to as visual voicemail. At the time the Complaint was filed, Klausner was the owner of the '576 Patent and had all rights to enforce the patent against infringers, including but not limited to enforcing the patent against the defendant in this lawsuit.

On May 17, 2012, Klausner assigned all right, title, and interest in the '576 Patent to IPVX. A copy of that assignment (Exhibit A hereto) has been recorded with the United States Patent and Trademark Office. IPVX is now the sole successor in interest in and to the '576 Patent. Accordingly, pursuant to Fed. R. Civ. P. 25(c), Klausner hereby requests that the Court order IPVX to be substituted for Klausner for all purposes of this litigation, including as the named plaintiff.

**III. Argument**

Rule 25(c) governs the substitution of parties and provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). The decision whether to permit the "[s]ubstitution of a successor in interest ... is generally within the sound discretion of the trial court." *Organic Cow, LLC v. Ctr. for New Eng. Dairy Compact Research*, 335 F.3d 66, 71 (2d Cir. 2003). A joinder or substitution under Rule 25 is appropriate when a district court, in the exercise of its discretion, finds that such joinder or substitution would facilitate the conduct of a case. *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993). The purpose of Rule 25(c) is "to allow an action to continue unabated when an interest in a lawsuit changes hands, without initiating an entirely new suit." *Software Freedom Conservancy, Inc. v. Best Buy Co., Inc.*, No. 09-cv-10155, 2010 WL 4860780, at *2 (S.D.N.Y. Nov. 29, 2010) (quoting Moore's Federal Practice § 25.30).

Motions for substitution pursuant to Rule 25(c) are generally granted as a formality in patent cases where, as here, the moving party acts diligently after the patent is assigned to another entity. *See e.g. Saxon Innovations, LLC v. Casio Computer Co., Ltd.,* slip op., No. 6:09-cv-270 (D.I. 118-3) (E.D. Tex. April 26, 2010) (Davis, J. deciding); *In re Rates - Viper Patent Litigation Slip Copy*, No. 09-cv-4068, 2011 WL 856261, at *1 (S.D.N.Y. March 10, 2011); *NovaSeptum AB v. Amesil, Inc.*, No. 05-cv-5175, 2010 WL 5620906, at *2 (D.N.J. Dec. 29, 2010); *Abraxis BioScience, Inc. v. Navinta LLC*, No. 07-cv-1251, 2009 WL 904043, at *5-6 (D.N.J. March 30, 2009). *See also* Charles Allen Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure: Civil 3d, § 1958 ("The rule applies to ordinary transfers and assignments").

Klausner submits that the Court should permit IPVX to replace Klausner in this litigation, including as the named plaintiff. As is manifest from the recorded assignment attached hereto as Exhibit A, Klausner has transferred all right, title, and interest in and to the '576 Patent (including the exclusive right to grant and enforce licenses and covenants not to sue with respect to the defendant) to IPVX and has requested this substitution without any delay. IPVX is now the proper plaintiff in this action and is subject to the jurisdiction of this Court.

In addition, substitution under Rule 25(c) is the most efficient and expeditious means for the parties to fully resolve this matter. This case is still in its infancy. The Defendant has filed a Motion for a More Definite Statement and a Motion to Transfer Venue with responses due from Klausner. There has been no discovery by the parties to date. Accordingly, IPVX's substitution for Klausner will not affect this case in any material way and will have no impact on any deadlines. In short, IPVX's appearance in this case will in no way prejudice the Defendant. By contrast, if the Court were to deny this motion, IPVX will be required to re-file this lawsuit, thereby wasting resources that the parties and the Court have already invested in this case and further delaying final resolution of this dispute.

**IV. Conclusion**

For the foregoing reasons, Klausner requests that its Motion be granted and that the Court order IPVX be substituted for Klausner for all purposes of this litigation, including as the named plaintiff.

Dated: May 24, 2012                                        Respectfully submitted,

                                              By:   /s/ Pierre R. Yanney

                                                    Pierre R. Yanney
                                                    State Bar No. 033391993
                                                    Email: pyanney@stroock.com
                                                    William J. Seymour
                                                    State Bar No. 4770665
                                                    Email: wseymour@stroock.com
                                                    STROOCK & STROOCK & LAVAN LLP
                                                    180 Maiden Lane
                                                    New York, N.Y. 10038
                                                    Tel: (212) 806-5400
                                                    Fax: (212) 806-6006

Sidney Calvin Capshaw, III
State Bar No. 03783900
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903)-233-4826
Facsimile: (903)-236-8787
Email:  ccapshaw@capshawlaw.com

                                                    ATTORNEYS FOR PLAINTIFF,
                                                    KLAUSNER TECHNOLOGIES, INC.

**CERTIFICATE OF SERVICE**

     The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by e-mail, on this the 24th day of May, 2012.

                                                      /s/ Pierre R. Yanney

**CERTIFICATE OF CONFERENCE**

     In compliance with Local Rule CV-7(h), I hereby certify that on May 18, 2012, counsel for Klausner conferred with counsel for defendant Adtran, Inc., who indicated that Defendant consents to the motion, but expressly reserves the right to raise any assignment defect as an affirmative defense at a later time.

                                                      /s/ Pierre R. Yanney